**Eugene PUGH, Petitioner,**

**v.**

**MERIT SYSTEMS PROTECTION BOARD Respondent.**

No. 02–3273.

United States Court of Appeals, Federal Circuit.

Dec. 9, 2002.

Before MAYER, Chief Judge, SCHALL, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Eugene Pugh petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") that dismissed his appeal as untimely. *Pugh v. MSPB,* MSPB Docket No. AT–0752–01–0708–I–1, 91 M.S.P.R. 668 (Apr. 3, 2002). We *affirm.*

## DISCUSSION

### I.

Mr. Pugh was employed as a Materials Handler, WG–6907–05, at the Naval Aviation Depot in Pensacola, Florida. Effective September 30, 1995, he was removed from his position pursuant to a reduction in force. Five years and eight months later, on June 30, 2001, Mr. Pugh appealed his removal to the Board. On October 4, 2001, the administrative judge ("AJ") to whom the case was assigned issued an initial decision dismissing the appeal as untimely. *Pugh v. Dep't of the Navy,* MSPB Docket No. AT–0752–01–0708–I–1 (Oct. 4, 2001). The AJ's initial decision became the final decision of the Board on April 3, 2002 when the Board denied Mr. Pugh's petition for review. This appeal followed.

## II.

"[A]n appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b). The time limit for an appeal to the Board of an agency action may be waived if the petitioner demonstrates, by a preponderance of the evidence, good cause for such waiver. *See Walls v. MSPB,* 29 F.3d 1578, 1581 (Fed.Cir.1994) (citations omitted). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. MSPB,* 966 F.2d 650, 653 (Fed.Cir.1992).

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *See Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998). The decision of the Board in this case is none of these.

## III.

On appeal, Mr. Pugh challenges the final decision of the Board on two grounds. First he argues that the agency failed to give him adequate notice of his right of appeal to the Board. Second, as far as the proceedings before the Board are concerned, he contends that he was not adequately informed of what he had to do in order to establish good cause for the late filing of his appeal and that he was denied a full and fair opportunity to litigate the timeliness issue. We address these points in turn.

■ Mr. Pugh contends that he was entitled to a waiver of the Board's filing deadline because the agency failed to give him proper notice concerning his right of appeal to the Board. The AJ, however, found that the agency's May 25, 1995 "Notice of Separation by Reduction in Force" letter expressly referenced an attached "Benefits and Entitlement Package" that detailed Mr. Pugh's right of appeal to the Board. In 1995, the requirements of a notice of appeal rights included notice of the time limit for appeal to the Board, a copy or access to a copy of the Board's regulations, and a copy of the Board's appeal form. 5 C.F.R. § 1201.21 (1995). Mr. Pugh has failed to provide any evidence demonstrating how the "Benefits and Entitlement Package" was insufficient in any of these respects. We therefore reject Mr. Pugh's first argument.

■ Turning to Mr. Pugh's second argument, a petitioner before the Board must be informed of the existence of a timeliness issue and the requirements for demonstrating either timeliness or good cause for a waiver of the timeliness requirement. *Lacy v. Dep't of the Navy,* 78 M.S.P.R. 434 (1998). This requirement can be satisfied by an agency's motion to dismiss if it is sufficiently explicit. *See Nichols v. Dep't of the Interior,* 69 M.S.P.R. 386, 388–89 (1996). The agency's motion to dismiss stated in bold letters that Mr. Pugh's appeal was untimely. In addition, the agency's motion to dismiss informed Mr. Pugh (1) that "[a]ppellant bears the burden of establishing by preponderant evidence that his appeal is within the MSPB's jurisdiction and that it was timely filed or that good cause existed for the delay,"; (2) that "[t]he Board requires that when an appellant does not submit an appeal within the time set by statute, regu-

lation, or order of the judge, it will be dismissed as untimely unless good reason for the delay is shown,"; and (3) that "[i]n *Scott v. United States Postal Service,* 80 M.S.P.R. 581, 583 (1999), the Board held that to establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the circumstances of the case." The agency's motion to dismiss satisfied the notification requirements with respect to the issue of timeliness.

Finally, Mr. Pugh contends that he was not given a full and fair opportunity to litigate the timeliness issue and to demonstrate good cause for his delay. The agency's motion to dismiss was filed on August 24, 2001 and the AJ did not issue his initial decision until October 4, 2001. Mr. Pugh claims to have responded to the agency's motion to dismiss. However, the AJ, in his initial decision, stated that Mr. Pugh did not submit a response to the motion to dismiss. Thus, Mr. Pugh was put on notice that his response was not in the record. Under these circumstances, he could have submitted a copy of the response to the Board with appropriate evidence of mailing when he submitted his petition for review.[1] The record indicates that Mr. Pugh was given a full and fair opportunity to litigate the timeliness issue in front of the Board but simply chose not to do so.

For the foregoing reasons, the final decision of the Board is affirmed.

---

1. It was Mr. Pugh's burden to demonstrate by a preponderance of the evidence that this pleading was actually mailed. *McDaniel v. United States Postal Serv.,* 43 M.S.P.R. 583, 587 (1990). If a petitioner carries the burden of demonstrating that a letter is properly addressed, stamped, and mailed, then the petitioner is entitled to a presumption of delivery and receipt. *Pfaff v. Def. Investigative Serv.,* 25 M.S.P.R. 633, 636 (1985). Mr. Pugh, however, failed to offer any evidence of mailing in his petition for review and therefore was not entitled to a presumption of delivery and receipt.